IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALFREDO D. McCOWAN, Deceased Individually, GEORGIA McCOWAN COOPER, Individually, and THE HEIRS OF THE ESTATE OF ALFREDO McCOWAN, EIJAHWAH McCOWAN, EMANUEL McCOWAN, SHEMAR BUCHANAN, HEIRS OF ALFREDO McCOWAN<br>PLAINTIFFS | CAUSE NO:_____<br><br>COMPLAINT FOR DAMAGES |
| VS. | 28 U.S.C.§ 1332 |

Vs.

CORECIVIC, INC Formerly CORRECTIONS
CORPORATION OF AMERICA D/B/A
BRADSHAW STATE JAIL
    DEFENDANT

DEMAND FOR JURY TRIAL

---

PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PLAINTIFFS, ALFREDO D. McCOWAN, Deceased Individually, GEORGIA McCOWAN COOPER ,EIJAHWAH McCOWAN, EMANUEL McCOWAN, SHEMAR BUCHANAN; Individually and THE HEIRS OF THE ESTATE OF ALFREDO McCOWAN complaining of Defendant, CORECIVIC, INC Formerly CORRECTIONS CORPORATION OF AMERICA D/B/A BRADSHAW STATE JAIL

## A. PRELIMINARY STATEMENT

1. This is a civil action arising under 28 U.S.C. §1332 (a)(1)

2. Plaintiffs seek compensatory damages together with reasonable attorney's fees

## B. PARTIES

3. At all times relevant to this action, decedent, ALFREDO D. McCOWAN deceased , was a citizen of the United States of America and the State of Texas.

4. Plaintiff; GEORGIA McCOWAN COOPER, is an individual and citizen of the United States of America and the State of Texas.

5. Plaintiff; EIJAHWAH McCOWAN, is an individual and citizen of the United States of America and the State of Texas.

6. Plaintiff; EMANUEL McCOWAN, is an individual and citizen of the United States of America and the State of Texas.

7. Plaintiff; SHEMAR BUCHANAN, is an individual and citizen of the United States of America and the State of Texas.

8. Defendant CORECIVIC, INC Formerly CORRECTIONS CORPORATION OF AMERICA D/B/A BRADSHAW STATE JAIL, is a Corporation incorporated in the State of Maryland, with principal place of business in Nashville, Tennessee. Defendant *may be served with summons* by serving its Registered Agent for process: 1999 Bryan Street Suite 900 Dallas, Texas 75201-3136

## C. JURISDICTION AND VENUE

9. This Court has jurisdiction has original jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) because of complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.

### D.  AGENCY/RESPONDEAT SUPERIOR

10. Whenever it is alleged in this Complaint that any Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel, employees, and/or representatives did such act or thing, and at the time any such act or thing was done it was done with the Defendant's authorization or was done in the normal or routine course of agency or employment with Defendant.

### E.  FACTS

11. At all times relevant in this matter Defendant was a independent contractor operating for the Texas Department of Criminal the State Jail Facility known as Bradshaw State, located in Rusk County, Texas.

12. On  August 31, 2016, Defendant operated under the name of Correction Corporation of America is a Corporation an entity  incorporated in the State of Maryland, with principal place of business in Nashville, Tennessee.

13. Defendant at a point subsequent to August 31, 2016 changed its name to CoreCivic, Inc.

14. Defendant for all points prior to August 31, 2016 and subsequent operated as a "For Profit Corporation" that either owned privately and or contracted to  operate state owned  prison properties with a focus on monetary profits for shareholders and parties with vested interest in making monetary grain by any means necessary.

15. On April 30, 2015, the Texas Department of Criminal Justice placed  Plaintiff Alfredo  D. McCowan in the custody of Defendant at the Bradshaw State Jail Facility in Rusk, County, Texas.

16. Plaintiff Alfredo  D. McCowan died in the custody of Defendant on August 31, 2016, at a point in time less than 10 days  prior to is scheduled release.

17. During the immediate period of time prior to the death of Plaintiff Alfredo D. McCowan, he was visited at the Bradshaw State Jail Facility on August 20, 2016 by Plaintiff Georgia McCowan Cooper, his mother who found her son in good health and who with other were looking with excitement to his pending near future release from the Bradshaw State Jail Facility

18. On August 27, 2016, Chamecca Ausbrone the girlfriend of Plaintiff Alfredo D. McCowan traveled to the Bradshaw State Jail Facility to visit Plaintiff Alfredo D. McCowan, however she was not permitted to visit with Plaintiff Alfredo D. McCowan visitor Ausbrone was not provided with detail as to why Defendant cancelled the visitation.

19. On August 31, 2016 or at a point in time immediately there after Plaintiffs were informed of the death of Plaintiff Alfredo D. McCowan on August 31, 2016.

20. Defendant CoreCivic, Inc. formerly Correction Corporation of America has admitted that Plaintiff Alfredo D McCowan, deceased on August 26, 2016 was founded in and altered mental state due to somking synthetic marijuana known as K2.

21. Defendant CoreCivic, Inc. formerly Correction Corporation of America has admitted that Plaintiff Alfredo D McCowan, deceased on August 29, 2016 was found lying on the floor with wet underwear only, alert but not oriented, moved without purpose and played with his food.

22. Defendant CoreCivic, Inc. formerly Correction Corporation of America has admitted that Plaintiff Alfredo D McCowan, deceased on August 31, 2016 was found unresponsive in his cell naked, supine with eyes fixed and dilated, no pulse or breathing.

23. Plaintiff Alfredo D. McCowan's death was one of two deaths at the Bradshaw State Jail Facility in the Summer of 2016 involving inmates which reflect various levels of neglect by Defendant CoreCivic, Inc. formerly Correction Corporation of America, in particular as to Plaintiff Alfredo D. McCowan various breaches of duties associated with the presence of an illegal drug

such as synthetic marijuana known as K2 in a prison setting in addition to various medical neglect issues associated with the treatment and monitoring of Plaintiff Alfredo D. McCowan, deceased after the events on August 26 and August 29 , 2016 documented by Defendant CoreCivic, Inc. formerly Correction Corporation of America.

24. All Plaintiff as the result of the acts and actions of Defendant CoreCivic, Inc. formerly Correction Corporation of America, have suffered damages as averred in the following sections.

**F. CAUSE OF ACTION NO: 1-WRONGFUL DEATH ALFREDO D. McCOWAN**

(Texas Civil Practice & Remedies Code sections 71.000 et al)

25. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-24 as if fully set forth therein and further pleas that the entry and presence of synthetic marijuana known as K2 a drug with known lethal side effects into the Bradshaw State Jail was due to the following conduct of Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents:

   1. Neglect
   2. Carelessness
   3. Unskillfulness or
   4. Default

26. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-25 as if fully set forth therein and further pleas states after knowing that Plaintiff Alfredo D. McCowan was displaying conduct that was consisted with the use of synthetic marijuana known as K2 a drug with known lethal side effects ,Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents did not effectuate a system of conduct and or not following any set protocols to monitor Plaintiff's health care needs that lead to Plaintiff

Alfredo D. McCowan death; the failure was due to the following conduct of Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents:

1. Neglect
2. Carelessness
3. Unskillfulness or
4. Default

26. Based on the conduct of Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents plea in Paragraphs 1-27 Plaintiff Alfredo D. McCowan , decease suffered the following Damages:

1. Conscious pain and Suffering

### G. CAUSE OF ACTION NO: 2 – WRONGFUL DEATH DAMAGES FOR GEORGIA McCOWAN COOPER , Individually, and THE HEIRS OF THE ESTATE OF ALFREDO McCOWAN, EIJAHWAH McCOWAN, EMANUEL McCOWAN, SHEMAR BUCHANAN, HEIRS OF ALFREDO D. McCOWAN

27. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-26 as if fully set forth therein.

28.. This claim for damages resulting from the wrongful death of Alfredo D. McCowan, deceased is brought by Plaintiffs pursuant to Texas Civil Practice and Remedies Code Section 71.001, *et seq*. This claim is based upon the facts and legal theories more fully set out herein.

    A. Plaintiff Georgia McCowan Cooper is Descendant's surviving mother

    B. Plaintiffs Eljahwah McCowan, Emanuel McCowan, Shemar Buchanan are Descendant's surviving children.

29. Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents are persons against whom Plaintiffs may recover within the meaning of Texas Civil Practice & Remedies Code sections 71.002 and 71.001(2).

30. Plaintiff Alfredo D. McCowan born December 30, 1972 and was 43 years old at the time of his death.

31. Plaintiff Alfredo D. McCowan was a loving and dutiful son and father . provided love, care, affection, nurture, advice, counsel, guidance, and pecuniary support all of which he would have continued to provide in the future.

32. As a result of the wrongful death of Plaintiff Alfredo D. McCowan, Plaintiffs suffered damages separated and apart from those Plaintiff Alfredo D. McCowan suffered before he died.. Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents Defendants' acts, action and/or omissions referenced under Paragraphs 1-26 herein proximately caused Plaintiffs damages which include, but are not limited to:

   1. Pecuniary Loss
   2. Loss of Companionship
   3. Mental Anguish
   4. Loss of Inheritance

**H. EXEMPLARY DAMAGES**

33. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-32 as if fully set forth therein and further pleas that Plaintiffs are entitled to Exemplary Damages because the pattern of conduct of Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents detailed herein including contraband trafficking( synthetic marijuana known as K2 a drug with known lethal side effects ) and multiple deaths within the

Bradshaw State Facility associated with (1) Neglect (2) Carelessness ( 3) Unskillfulness or (4) Default.

34. Plaintiffs further pleas that the conduct averred herein is part of a Corporate indifference by Defendant CoreCivic, Inc. formerly Correction Corporation of America and or agents that places corporate profits over the safety and health related needs of ,Plaintiff Alfredo D. McCowan deceased and other inmates under the control and detainment of Defendant CoreCivic, Inc. formerly Correction Corporation of America.

## I.  ATTORNEYS FEES

35. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-34 as if fully set forth therein.

36. Plaintiffs request recovery of reasonable attorney's fees.

## J.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer. Plaintiffs further pray that, upon final hearing, the Court award judgment on Plaintiffs behalf against Defendants for:

1. Pecuniary Loss

2. Loss of Companionship

3. Mental Anguish Past/Future

4. Loss of Inheritance

5. Conscious pain and Suffering for Plaintiff Alfredo D. McCowan, Deceased

6. Funeral Expenses

7. Exemplary damages;

8. Reasonable Attorney Fees

9. Pre-judgment and post-judgment interest at the maximum rate allowed by law; and such other and further relief to which Plaintiffs show themselves justly entitled.

Respectfully submitted,
By:/S/ **William Todd Hughey**
**Bar No. 102455000**
**The Hughey Law Firm P.L.L.C.**
Hugheylaw@sbcglobal.net
Ph. No. 903-935-5550\
Fax No. 866-823-7185
P. O. Box 2012
Marshall, Texas  75671
**ATTORNEY FOR PLAINTIFFS**