# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ALFREDO D MCCOWAN, ET AL.; | § |
| | § |
| Plaintiffs, | § CIVIL ACTION NO. 6:18-CV-00099-RWS-KNM |
| v. | § |
| CORECIVIC, INC. F/K/A CORRECTIONS CORPORATION OF AMERICA, | § |
| Defendant. | § |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (Docket No. 80), which contains her findings, conclusions and recommendation for the disposition of this matter. The Report recommends that Defendant Corecivic, Inc.'s Motion for Summary Judgment (Docket No. 51) be granted as to the claims asserted by Plaintiff Chamecca Reeves-Osborne, as next friend of K.R.[1] Reeves-Osborne objected (Docket No. 83), and Corecivic responded to those objections (Docket No. 84).

Reeves-Osborne asserted various claims on behalf of a minor K.R—who is allegedly Alfred McCowan's child—that relate to McCowan's treatment at the Bradshaw State Jail, which Corecivic manages. Specifically, she pleaded constitutional claims for deliberate indifference to serious medical needs and excessive force and state-law claims of survival, wrongful death, negligence and gross negligence. The Magistrate Judge recommending granting summary

---

[1] Before the Report was filed, Plaintiffs Georgia McCowan Cooper, Eijahwah McCowan, Emanuel McCowan and Shemar Buchanan ("the McCowan plaintiffs") filed a Stipulation of Dismissal. The McCowan plaintiffs' claims were dismissed on March 24, 2020, leaving only Reeves-Osborne's claims.

judgment to Corecivic on all Reeves-Osborne's claims, but Reeves-Osborne only objected to state-law findings, asserting that the Report erred by failing to find tort liability.

This Court reviews the findings and conclusions of the Magistrate Judge *de novo* only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a *de novo* review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Because Reeves-Osborne only objected to the Magistrate Judge's findings on her state-law claims, the Court reviews the findings on her § 1983 claims for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

In her written objections, Reeves-Osborne submits that the Report erroneously relies on a federal case, *Olivas v. Corrections Corp. of Am.*, 408 F. Supp. 2d 251, 255 (N.D. Tex. Jan. 12, 2006), instead of state law when evaluating her negligence claims. Notably, as in this case, *Olivas* concerned claims related to Corecivic's management of a prison facility in Texas. As explained in *Olivas*, Corecivic performs a fundamental governing function in operating the Bradshaw State Jail, and its liability in performing that function is treated in the same manner as a municipality. *Olivas*, 408 F. Supp. 2d at 255.

Reeves-Osborne argues that the Texas Tort Claims Act extends tort liability to government contractors, such as Corecivic, managing a Texas prison facility. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). That section, however, only waives sovereign immunity for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* Reeves-Osborne does not allege any injury or death proximately caused by the operation of a motor vehicle or property, so § 101.021 does not apply. *See Holland v. City of Houston*, 41 F. Supp. 2d 678, 710–712 (S.D. Tex. Jan. 7, 1999). Also, Corecivic is not a "health care provider" or "health care institution" under Texas law, foreclosing a claim for medical negligence or malpractice against Corecivic. *Olivas*, 408 F. Supp. 2d at 259. The objections do not dispute the finding that Corecivic is not a health care provider or a health care institution.

Moreover, Reeves-Osborne's objections fail to address the additional finding in the Report that, when responding to the motion for summary judgment, she failed to provide any facts or evidence supporting her excessive use of force-based negligence claim. Instead, she provided a conclusory allegation asserting that Alfredo McCowan was "potentially subject[ed] to" an excessive use of force. Docket No. 62 at 18. A conclusory allegation is insufficient to defeat a motion for summary judgment. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.").

Having reviewed the unobjected-to portions of the Report and Recommendation, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. In addition, having made a *de novo* review of the findings and conclusions addressed by the written objections filed

by Reeves-Osborne in response to the Report and Recommendation, the Court concludes that those findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. It is therefore

**ORDERED** that the Report and Recommendation (Doc. 80) is **ADOPTED.**

Corecivic's Motion for Summary Judgment (Doc. 51) is **GRANTED** as to the claims of Plaintiff Chamecca Reeves-Osborne, as next friend of K.R., and those claims are **DISMISSED WITH PREJUDICE**.

Any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 28th day of May, 2020.**

                                      ROBERT W. SCHROEDER III
                                      UNITED STATES DISTRICT JUDGE